UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIF CITY II, LP** | |
| *Plaintiff-Counterclaim Defendant,* | Case No. 2:18-cv-03302-MAK |
| *v.* | |
| **CALIFORNIA PIZZA KITCHEN, INC.** | |
| *Defendant-Counterclaim Plaintiff.* | |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT-COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM**

1. Denied.

2. Denied. The Lease is a written document which speaks for itself. Any characterization of said Lease is therefore specifically denied. By way of further Answer, it is specifically denied that MIF was responsible for maintaining the "general systems of plumbing at the Shopping Center in good repair." The CPK leased premises was delivered to CPK by MIF as a vanilla shell. All plumbing systems directly servicing the leased premises were installed by CPK and/or its agents and assigns and CPK was and is responsible for these systems pursuant to, *inter alia*, Paragraph 1(v) of the Second Amendment to the Lease: "Tenant shall be responsible for immediately repairing any damage to the Potbelly Space caused by the performance of any work by Tenant in the Potbelly Space."

3. Denied. The Lease is a written document which speaks for itself. Any characterization of said Lease is therefore specifically denied. By way of further Answer, it is specifically denied that MIF was responsible for maintaining the "general systems of plumbing at

the Shopping Center in good repair." The CPK leased premises was delivered to CPK by MIF as vanilla shell. All plumbing systems directly servicing the leased premises were installed by CPK and/or its agents and assigns and CPK was and is responsible for these systems pursuant to, *inter alia*, Paragraph 1(v) of the Second Amendment to the Lease: "Tenant shall be responsible for immediately repairing any damage to the Potbelly Space caused by the performance of any work by Tenant in the Potbelly Space."

   4.  Denied. The Lease is a written document which speaks for itself. Any characterization of said Lease is therefore specifically denied.

   5.  Denied. The Lease is a written document which speaks for itself. Any characterization of said Lease is therefore specifically denied.

   6.  Denied. Paragraph 6 of CPK's Counterclaim is a conclusion of law to which no response is required. By way of further answer, it is specifically denied that MIF was in breach of the Lease. Rather it is CPK who breached the Lease by failing to install its plumbing system in a quality and workman like manner, failing to instruct its employees on the proper use and maintenance of the plumbing systems, and failing to timely and adequately remedy the damage which resulted from this breach.

   7.  Denied. It is specifically denied that the plumbing systems serving the Shopping Center were impacted by "settlement issues." On the contrary, CPK failed to install its plumbing systems in a quality and workman like manner, it failed to instruct its employees on the proper use and maintenance of the CPK plumbing systems, and it failed to timely and adequately remedy the damage which resulted from these failures.

8. Denied. Strict proof of CPK's expenditure of "significant sums to affect its own repairs" is demanded a trial. It is specifically denied that CPK has expended thousands of dollars in expenses related to the plumbing and sewage back up. On the contrary, to date MIF has shouldered the burden of all costs associated with the attempted remediation of CPK's faulty plumbing and sewage systems.

9. Denied.

10. Denied. Strict proof of CPK's "extensive investigation," "onsite inspections," and "testing and engineering reviews" is demanded at trial.

11. Denied. It is specifically denied that the plumbing systems serving the Shopping Center were impacted by "settlement issues." On the contrary, CPK failed to install its plumbing systems in a quality and workman like manner, it failed to instruct its employees on the proper use and maintenance of the CPK plumbing systems, and it failed to timely and adequately remedy the damage which resulted from these failures. Paragraph 11 of CPK's counterclaim is further denied in so far as it contains legal conclusions to which no responsive pleading is required.

12. Denied. On the contrary, CPK failed to install its plumbing systems in a quality and workman like manner, it failed to instruct its employees on the proper use and maintenance of the CPK plumbing systems, and it failed to timely and adequately remedy the damage which resulted from these failures.

13. Denied. It is specifically denied that the plumbing systems serving the Shopping Center were impacted by "settlement issues." Strict proof of the said "settlement issues" are demanded at trial.

14. Denied. No such sewer main break ever occurred. On the contrary, CPK failed to install its plumbing systems in a quality and workman like manner, it failed to instruct its employees on the proper use and maintenance of the CPK plumbing systems, and it failed to timely and adequately remedy the damage which resulted from these failures. Upon information and belief, CPK employees routinely stuffed all manner of waste into the Premises' drain systems – including but not limited to cutlery, aprons, and grease – which is/was wholly inappropriate for discharge through the waste water pipe which CPK installed at the Premises. This practice ultimately lead to pipe corrosion and the discharge of water, sludge, and raw sewage into the Potbelly unit below CPK's unit at the Shopping Center.

15. Denied.

16. Denied. It is specifically denied that the plumbing systems serving the Shopping Center and the CPK Premises were impacted by "settlement issues." Strict proof of the said "settlement issues" is demanded at trial.

17. Denied.

18. Denied. Paragraph 18 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

19. Denied. Strict proof is demanded at trial.

20. Denied. Any leaks which occurred at the CPK premises were the direct and proximate result of CPK's faulty HVAC installation work, for which it was/is solely responsible. Strick proof of the existence of said leaks is demanded at trial.

21. Denied.

22. MIF is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of CPK's counterclaim. Paragraph 22 is therefore denied and strict proof of the veracity of said allegations is demanded at trial.

23. Denied. Paragraph 23 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

24. Denied. Paragraph 24 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

25. Denied. Paragraph 25 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

26. Denied. Paragraph 26 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

27. Denied. Paragraph 27 of CPK's counterclaim contains legal conclusions to which no responsive pleading is required.

**WHEREFORE**, MIF respectfully demands judgment in its favor and against CPK, including the complete dismissal, with prejudice, of CPK's counterclaim, together with the relief prayed for in MIF's Second Amended Complaint, attorney's fees, costs, and such other and further relief as this Court deems just and necessary.

## AFFIRMATIVE DEFENSES

28. MIF incorporates by reference all preceding paragraphs as if set forth at length here.

29. CPK's counterclaim fails to set forth a claim upon which relief may be granted.

30. Any damages which CPK may have suffered – which are denied in their entirety – were caused wholly or in part by CPK.

___

31. CPK has a duty to indemnify MIF for any and all damages which MIF has sustained as a result of the failure of the plumbing and roof systems pursuant to the terms of the Lease and the subsequent amendments thereto.

32. MIF did not cause or contribute to CPK's alleged injuries in any manner whatsoever.

33. CPK's claims are barred in whole or in part by applicable statutes of limitations.

34. CPK's claims are barred and/or limited to the extent the damages which CPK seeks in this action are not recoverable as a matter of law.

35. MIF had not actual or constructive notice of the damages alleged by CPK and CPK's claims are barred and or limited per force of its failure to give MIF timely notice of same.

36. CPK's claims are barred and/or limited to the extent the damages which MIF seeks are unreasonable.

37. CPK's claims are barred and/or limited to the extent that the responsibility for the care, maintenance, repair, and operation of the plumbing, sewer, and roof elements at issue, including all related components of each, rests solely upon parties other than MIF.

38. CPK's claims are barred because MIF complied with all of its obligations under the Lease and the subsequent amendments thereto.

39. CPK's claims are barred and/or limited by its own negligence.

40. CPK's claims are barred and/or limited by its failure to mitigate its alleged damages.

41. CPK's claims are barred and/or limited by laches.

42. CPK's claims are barred and/or limited by estoppel.

_____

MIF'S ANSWER TO COUNTERCLAIM

Page 6 of 8
00544345.v1

43. CPK's claims are barred and or limited due to waiver.

**WHEREFORE**, MIF respectfully demands judgment in its favor and against CPK, including the complete dismissal, with prejudice, of CPK's counterclaim, together with the relief prayed for in MIF's Second Amended Complaint, attorney's fees, costs, and such other and further relief as this Court deems just and necessary.

Respectfully Submitted,

**Royer Cooper Cohen Braunfeld LLC**

By:
*/s/Joshua Upin*
Joshua Upin, Esquire
PA I.D. No. 308457
Barry Cohen, Esquire
PA I.D. No. 68864
101 West Elm Street, Suite 220
Conshohocken, PA 19428
T: (484) 362-2628
F: (484) 362-2630
Email: jupin@rccblaw.com

*Attorneys for Plaintiff/Counterclaim Defendant MIF City II, LP*

**CERTIFICATE OF SERVICE**

    I, Joshua Upin, certify that on this date, I served a true and correct copy of the foregoing Plaintiff-Counterclaim Defendant's Answer and Affirmative Defenses to Defendant-Counterclaim Plaintiff's Counterclaim upon the following counsel of record, via the Court's ECF system:

> Mohammad A. Ghiasuddin, Esq.
> Margolis Edelstein
> The Curtis Center, Suite 400E
> 170 S. Independence Hall W.
> Philadelphia, PA 19106
> Email: mghiasuddin@margolisedelstein.com

                                                                   **Royer Cooper Cohen Braunfeld LLC**

November 7, 2018                                                 By: _/s/ J. Upin_____
                                                                         Joshua Upin, Esquire