# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIF CITY II, LP<br>    Plaintiff/Counterclaim Defendant | :<br>:<br>: |
| v. | :     No. 2:18-cv-03302-CFK |
| CALIFORNIA PIZZA KITCHEN, INC.<br>    Defendant/Counterclaim Plaintiff | :<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Motion of Defendant, California Pizza Kitchen, Inc. ("CPK"), to permit the deposition of Randall Alper beyond the discovery deadline, and any response thereto, it is HEREBY ORDERED and DECREED that Defendant's Motion is GRANTED, and accordingly, CPK may take the deposition of Randall Alper, including service of a Subpoena to compel his attendance to testify at deposition.

BY THE COURT:

_____
                                             J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIF CITY II, LP<br>　　Plaintiff/Counterclaim Defendant<br><br>　　　　v.<br><br>CALIFORNIA PIZZA KITCHEN, INC.<br>　　Defendant/Counterclaim Plaintiff | :<br>:<br>:<br>:　No. 2:18-cv-03302-CFK<br>:<br>:<br>:<br>: |

### CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO PERMIT DEPOSITION OF RANDALL ALPER BEYOND DISCOVERY DEADLINE

Defendant/Counterclaim Plaintiff, California Pizza Kitchen, Inc. ("CPK"), by and through its counsel, Margolis Edelstein, hereby moves to permit the deposition of Randall Alper to be taken outside of the discovery deadline, for good cause shown, and in support thereof states as follows[1]:

1. This action involves competing claims for breach of a lease agreement between CPK and its landlord, MIF City II, LP ("MIF"), allegedly arising from a series of leaks, backups, other plumbing-related issues and roof leaks at a shopping center owned by MIF, located at 4040 City Avenue in Philadelphia, a portion of which is leased to CPK.

2. Pursuant to the Court's February 22, 2019 Amended Scheduling Order [Doc. 24], the fact discovery deadline for this matter was May 29, 2019.

3. The parties have diligently undertaken discovery in this matter, including completion of five depositions and production of thousands of pages of documents by the parties and third parties pursuant to subpoenas.

4. Unexpectedly, on the very day of the fact discovery deadline, counsel for MIF produced an Affidavit dated May 28, 2019 of Randall Alper (attached as Exhibit "A").

---

[1] CPK's counsel notified the Court of this issue via correspondence dated June 7, 2019, pursuant to the Court's procedures involving discovery disputes, and this Motion is being filed upon further direction of the Court.

5. Mr. Alper, a former CPK employee whose employment with CPK ended in or around December of 2014, is currently a Florida resident.

6. Mr. Alper's Affidavit includes statements which appear relevant to material disputed issue of fact, including regarding an October 31, 2014 pipe breakage, pipe maintenance and chronic backups. The statements are set forth in general terms and additional inquiry of Mr. Alper is required to better understand his statements and his alleged basis for his statements.

7. The statements contained in Mr. Alper's affidavit are entirely unexpected to CPK given CPK's understanding of Mr. Alper's involvement in relevant plumbing issues at the subject location during his employment and the utter lack of any hint of such sentiments from Mr. Alper in any documents produced in this case.

8. CPK did not know that Mr. Alper had given an Affidavit to MIF, and certainly did not expect Mr. Alper to make the statements contained in the Affidavit.

9. Given the surprise and last-minute disclosure of the Affidavit, and the utterly unexpected nature of the statements set forth therein, CPK requires an opportunity to depose Mr. Alper.

10. CPK had no need for Mr. Alper's deposition prior to MIF's production of Affidavit on the discovery deadline, as CPK had no reason to believe that Mr. Alper would make the statements set forth in the Affidavit.

11. Because the Affidavit was produced on the very day of the discovery deadline, it was impossible for CPK to take his deposition regarding the Affidavit prior the fact discovery deadline.

12. CPK had no notice that MIF was undertaking any attempts to secure an affidavit from Mr. Alper.

13. In fact, in April and May of 2019, CPK had been in the process of trying to secure Mr. Alper for a deposition at MIF's request.

14. CPK's counsel had reached out to Mr. Alper in an attempt to secure his deposition at the request of MIF's counsel.

15. During a conversation with Mr. Alper in late April 2019, Mr. Alper expressed to counsel for CPK reservations about getting involved, but agreed to allow CPK's counsel to represent him for the purposes of the deposition sought by MIF.

16. CPK's counsel informed MIF's counsel on April 25, 2019 that he would represent Mr. Alper for the purposes of the deposition and that arrangements should be coordinated through counsel.

17. After MIF's counsel renewed requests to arrange for Mr. Alper's deposition, CPK's counsel again spoke with Mr. Alper, and Mr. Alper now stated, contrary to what he stated to counsel earlier, that he had not yet agreed to submit to a deposition or be represented by CPK's counsel for that purpose, and stated that he had wanted to first speak with a particular yet unspecified person at CPK about an (again) unspecified matter apparently dealing with his prior employment at CPK.

18. As CPK was dealing with Mr. Alper's request for that discussion, MIF apparently somehow procured the Affidavit.

19. The specific circumstances of how the Affidavit was procured is unknown to CPK, or who spoke with Mr. Alper on behalf of MIF, or why that person or persons felt free to contact Mr. Alper, or when any communications between MIF and Mr. Alper took place, are unknown to CPK.

20. The circumstances of the Affidavit, and statements made therein about representation, give further cause as to why Mr. Alper's deposition should be permitted.

21. Given the nature of the statements set forth in the Affidavit, CPK requires Mr. Alper's deposition and therefore respectfully requests the Court's permission to do so. CPK asks that it be permitted to cause a Subpoena to Attend and Testify to be served upon Mr. Alper to secure his deposition testimony.

22. There would be no impact on any other deadlines should this request be granted.

23. The last-minute disclosure of the Affidavit, on the very day of the discovery deadline, and the statements contained therein provide good cause for this request.

WHEREFORE, California Pizza Kitchen, Inc., respectfully requests that this Honorable Court to grant this Motion and permit the deposition of Randall Alper beyond the discovery deadline.

Respectfully submitted,

MARGOLIS EDELSTEIN

Date: June 11, 2019

/s/ Mohammad A. Ghiasuddin
Mohammad A. Ghiasuddin, Esq.
Pa. Bar No. 83925
Catherine M. Contino, Esquire
Pa. Bar No. 320508
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: (215) 931-5802
Fax: (215) 922-1772
mghiasuddin@margolisedelstein.com
ccontino@margolisedelstein.com
*Counsel for Defendant/Counterclaim Plaintiff, California Pizza Kitchen, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2019, a true and correct copy of California Pizza Kitchen, Inc.'s Motion to Permit Deposition of Randall Alper was caused to be filed via the Court's Electronic Filing system whereby this filing was also caused to be served upon the following via ECF filing:

Barry L. Cohen, Esq.
Joshua Upin, Esq.
Royer Cooper Cohen Braunfeld, LLC
Two Logan Square
100 N. 18th St. Suite 710
Philadelphia, PA 19103
Counsel for Plaintiff/Counterclaim Defendant
MIF City II, LP

MARGOLIS EDELSTEIN

Date: June 11, 2019

*/s/ Mohammad A. Ghiasuddin*
Mohammad A. Ghiasuddin, Esq.
Pa. Bar No. 83925
Catherine M. Contino, Esquire
Pa. Bar No. 320508
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: (215) 931-5802
Fax: (215) 922-1772
mghiasuddin@margolisedelstein.com
ccontino@margolisedelstein.com
*Counsel for Defendant/Counterclaim Plaintiff,*
*California Pizza Kitchen, Inc.*